# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist DRAKE S. McANINCH**
**United States Army, Appellant**

ARMY 20170091

Headquarters, United States Army Alaska
Jeffrey Lippert and Lanny J. Acosta, Military Judges
Colonel Erik L. Christiansen, Staff Judge Advocate (pretrial)
Colonel Roseanne M. Bennett, Staff Judge Advocate (recommendation)
Lieutenant Colonel Stephen W. McGaha, Acting Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Zachary Spilman, Esquire (on motion for remand).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA.

13 March 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of three specifications of rape of a child, one specification of sexual abuse of a child, and one specification of production of child pornography, in violation of Articles 120b and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b, 934. The military judge sentenced the accused to a dishonorable discharge, confinement for twenty-four years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The acting staff judge advocate's addendum to the post-trial recommendation (addendum) agreed with defense assertions that the post-trial processing delay of appellant's case was unreasonable and recommended disapproving one month of confinement. The convening authority approved the findings and all of the sentence except for one month of confinement.

This case is before us for Article 66, UCMJ, review. Although this case has yet to be briefed on any assignment of error, it is before us pursuant to appellant's unopposed "Motion For Remand For A New Convening Authority's Action."

Appellant asserts that the addendum contained new matters in the form of a Rule for Courts-Martial (R.C.M.) 1105A letter from the child victim's mother and that neither the addendum nor the R.C.M. 1105A letter were served on either appellant or appellant's counsel.

Granting the motion would return jurisdiction over the case to the convening authority. We see no issue in raising this assignment of error as a motion because, if such relief is required, resolving the issue early serves the needs of judicial economy. Appellant served the motion along with supporting affidavits on 6 March 2018. Government appellate counsel informed the court on 9 March 2018 the government did not oppose the motion.

## LAW AND DISCUSSION

Appellant was convicted of numerous offenses occurring between on or about 3 June 2013 and on or about 31 July 2014. The limitation to the convening authority's discretion as to action on the findings and sentence does not apply where "at least one offense resulting in a finding of guilty occurred prior to 24 June 2014," in which case the prior version of R.C.M. 1107 applies. *See* R.C.M. 1107, note. Thus, the convening authority had the discretion in taking action on appellant's case to disapprove some or all of appellant's findings and sentence. *See* R.C.M. 1107(c), (d)(1) (2012 ed.).

We will not speculate as to what action the convening authority would have taken in this case if appellant had been allowed to submit materials to address the new R.C.M. 1105A matters. We therefore grant relief as directed in our decretal paragraph.

## CONCLUSION

The convening authority's action, dated 4 January 2018, is set aside. The record of trial is returned to the Judge Advocate General for a new SJAR, Addendum, and action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ. We also note, the promulgating order dated 4 January 2018 incorrectly lists "Charge I" as a violation of "Article 120" rather than Article 120b and should be corrected in a new promulgating order upon issuance of the new action.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2